

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

IRVING RAMEY,                )
                             )
    Plaintiff,         )
                             )  No. 10 C 2265
    v.                 )
                             )  Judge James B. Zagel
TERRY MCCANN, et al.,        )
                             )
    Defendant.         )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Irving Ramey, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that several Defendants, including Terry McCann, former warden of Stateville Correctional Center (hereinafter, "Defendant"), as well as Jon Wiles, Richard Mote, Lieutenant Bethea, Donald Niles, Randy Malkowski, and several John Doe correctional officers, violated his constitutional rights by subjecting him to unconstitutional conditions of confinement. More specifically, Plaintiff alleges that Defendant was deliberately indifferent to a substantial risk of serious harm to Plaintiff's safety.

Plaintiff alleges that on May 4, 2009, he was housed in F-House at Stateville with another inmate, Corey Singleton, and that on May 5, 2009, Singleton started a fire in their cell. Plaintiff asked several of Defendants that he not be placed back in a cell with Singleton, after the fire, as Singleton had threatened to continue to set fires. In spite of his protests, Plaintiff was placed back in a cell with Singleton. Singleton started a fire, this one larger than the last. Plaintiff was removed from the cell after the fire was extinguished and placed in a different cell. Plaintiff alleges in Count II of his complaint that he was left in the burning cell during the second fire for a period of over 25 minutes, until the fire was extinguished. Only when the fire was extinguished, he claims, was he removed from the cell, gagging, choking and suffering from

burning eyes and skin. Plaintiff further alleges that although he asked for medical treatment for his injuries, he was refused.

Plaintiff alleges that Defendant Niles followed "policy/procedure/protocol" when he ordered Defendants Wiles, Mote, Bethea, Malkowski, and the John Does not to open the cell door while the fire was burning in the cell. *See* Plaintiff's Complaint Count IV, p. 11. Plaintiff further alleges that because of the "policy/procedure/protocol" of not opening cell doors while fires are burning led to him suffering smoke inhalation, burning heat on his skin, for 25 minutes with no means of escaping the fire. *Id*.

On initial review pursuant to 28 U.S.C. § 1915A, the Court determined that Plaintiff had stated a claim under the Civil Rights Act, 42 U.S.C. § 1983 as to all Defendants for deliberate indifference to a substantial risk of serious harm [# 6]. Plaintiff filed his amended complaint on August 13, 2010, and on September 1, 2010, the Court again found that Plaintiff had stated a cause of action as to all Defendants [#28].

Presently before the Court is Defendant McCann's motion to dismiss Plaintiff's complaint for failure to state a claim. For the reasons stated in this order, Defendant's motion to dismiss is granted in part and denied in part. Plaintiff has also filed a motion for ruling on this motion [#48]. With this opinion, that motion is granted.

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, (1957)).

The allegations "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (quotation omitted). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in the plaintiff's favor. *Tamayo*, 526 F.3d at 1081. However, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

## BACKGROUND

Plaintiff alleges the following facts in his complaint, which are accepted as true for purposes of the motion to dismiss. On May 4, 2009, he was placed in Cell 115 in F-House at Stateville Correctional Center with Inmate Singleton. On May 5, 2009, Inmate Singleton lit a

3

fire in their cell. Several staff members came to the cell and put the fire out through the chuckhole in the door. Plaintiff contends that they had to extinguish the fire through the chuckhole because the mesh screens in the cell doors in F-House at Stateville are covered with plexi-glass.

Once the fire was extinguished, he was removed from the call, and he and Singleton were placed in separate shower rooms. Plaintiff spoke to Defendants Bethea, Makowski, Niles, and Wiles, and expressed his fear for his safety at the hands of Singleton. He asked not to be placed back in a cell with Singleton because Singleton had threatened to continue to set fires in the cell, so long as Singleton was not allowed to have articles of personal property. Defendants Bethea, Makowski, Niles, and Wiles disregarded Plaintiff's request to be celled separately from Singleton, placing him and Singleton back in F-House Cell 115.

After their return, Singleton gathered his sheets and blanket and set a larger fire than the first one. Plaintiff screamed for assistance, and heard someone outside yell not to open the cell door. After 25 minutes, the fire was extinguished, and Plaintiff was removed from Cell 115 and

4

placed, separate from Singleton, in Cell 130. Plaintiff suffered from smoke inhalation, gagging, choking, and burning eyes and skin. He requested medical attention, and was denied.

Plaintiff contends that a policy exists at Stateville that staff is not to open the door of a cell while a fire is burning in the cell. Defendant Niles gave the order, following the policy, not to open the door of Cell 115, on May 5, 2009, leaving Plaintiff in the cell for 25 minutes, until the fire was contained. Because the mesh panel in the cell doors in F-House at Stateville is covered with plexi-glass, the only way to extinguish a fire is through the chuckhole in the door.

Defendant McCann has filed a motion to dismiss [#32], pursuant to Fed. R. Civ. P. 12(b)(6), alleging that Plaintiff has failed to allege his sufficient personal involvement to state a cause of action upon which relief can be granted.

## ANALYSIS

**A.**     **Plaintiff Fails to State a Cause of Action against Defendant McCann in his Individual Capacity.**

Liability under the Civil Rights Act requires a defendant's personal involvement in any alleged constitutional violations. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus,

"to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005).

In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for §1983 recovery. *Hildebrandt v. INDR, et al.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)); Defendants argue, and they are correct, that Plaintiff has alleged no personal involvement on behalf of Defendant McCann, in the events of May 5, 2009. Plaintiff alleges that Defendant Niles ordered the other Defendants (Bethea, Makowski, Wiles, and the John Doe Defendants) not to open the door of Cell 115, until the fire was extinguished. As Plaintiff does not allege that Defendant McCann had any personal involvement in leaving him locked in a burning cell, he has failed to state a cause of action against him in his personal capacity under § 1983. To the extent that Plaintiff made his allegations against Defendant McCann in his personal capacity, they are dismissed.

**B.          Plaintiff has stated an Official Capacity Claim, for Injunctive Relief.**

Plaintiff has, however, stated an official capacity claim against the Warden and chief policy-maker at Stateville Correctional Center, but only for injunctive relief. What Plaintiff alleges as to the warden of Stateville, is a "policy/procedure/protocol" of not opening cell doors while fires are burning in cells.

Because setting policy was an action taken in furtherance of Defendant McCann's duties as Stateville warden, Plaintiff has stated an official capacity claim. *See Hill v. Shelander*, 924 F.2d 1370, 1373 (7th Cir. 1991) (stating that claims contesting government policies or customs are official capacity claims); *see also Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). An official capacity claim against a government

official is, in essence, a claim against the entity that employs him, here the state of Illinois. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). States cannot be sued for damages under section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Thus, the official capacity claims for damages that Plaintiff asserts against McCann are dismissed.

However, states can be sued under section 1983 for injunctive relief. *See id.* n.10. To state such a claim, Plaintiff must allege that the violation of his constitutional rights was caused by the execution of a governmental policy. *Monell v. N.Y.C. Dep't of Soc Serv.*, 436 U.S. 658, 690-91 (1978). According to Plaintiff's allegations, the policy regarding keeping burning cells locked until the fire is extinguished left him locked in a burning cell for 25 minutes. During this 25 minutes, he allegedly was subjected to smoke and heat conditions, leading to smoke inhalation, choking, gagging, burnt eyes and skin.

Ultimately, the 25-minute delay in removing Plaintiff from the burning cell may prove to be too slight to support an Eighth Amendment claim. However, while 42 U.S.C. § 1997e(e) forecloses actions for damages, it does not prevent a prisoner from obtaining injunctive or declaratory relief from mental or emotional injury in the absence of physical injury. *Zehner v. Trigg*, 133 F.3d 459 at 462-63 (7th Cir. 1997); *Mitchell v. Horn*, 318 F.3d 523, 534 (3rd Cir. 2003); *see also Arrieta v. Bass,* Case No. 09 C 8034, 2010 U.S. Dist. LEXIS 89263 *14 (N.D. Ill. August 26, 2010) (Dow, J.) Because those facts have yet to be developed, the official capacity claim for injunctive relief cannot be dismissed.

One further housekeeping item must be addressed. The Court takes judicial notice of the fact that since Plaintiff filed this suit, Defendant McCann has been replaced as warden of

Stateville.[1] *See* IDOC website, which states that the present warden of Stateville Correctional Center is Marcus Hardy. If Plaintiff proves liability, he might be entitled to injunctive relief while incarcerated at Stateville under the new, or any, warden. In this situation, the Court cannot find any good reason why a change in personnel by the Illinois Department of Corrections should frustrate his attempt to get injunctive relief from the new warden for an ongoing concern. Nevertheless, to simplify and to preserve the question of equitable relief, pursuant to Fed. R. Civ. P. Rules 1, 21 and 25(d), the Court construes Plaintiff's official capacity claim against Marcus Hardy, the present warden of Stateville Correctional Center. Plaintiff will proceed on his official capacity claim against Hardy, the present warden, in his official capacity and against whom equitable relief is sought.

---

[1] The Court may take judicial notice of facts that are a matter of public record and therefore not subject to dispute. *See General Electric Capital Corp. v Lease Resolution Corp.*, 128 F.3d 1074 at 1080 (7th Cir. 1997).

## CONCLUSION

For the foregoing reasons, Defendant McCann's motion to dismiss [#32] is granted in part and denied in part. Plaintiff's claims against Defendant McCann in his individual capacity are dismissed, with prejudice. Plaintiff's official capacity claim against Defendant McCann is dismissed as moot, and the Clerk is directed to amend the caption of Plaintiff's complaint to reflect the fact that Marcus Hardy is the present Warden of Stateville Correctional Center. Plaintiff's claim against the warden of Stateville Correctional Center in his official capacity survives. Plaintiff's motion for ruling on the motion to dismiss [#48] is granted. Defendant Hardy shall answer Plaintiff's complaint within 30 days of the date of this order. The parties are directed to submit a joint written status report to the Court within 45 days of the date of this order stating what discovery has been completed, what discovery remains, and any attempts at settlement.

Dated: July 26, 2011

_____
James B. Zagel
United States District Court Judge